MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
TYLER J. WATSON, ESQ.
Nevada Bar No. 11735
KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Tel: (702) 362-6666
Fax: (702) 362-2203
mkravitz@ksjattorneys.com
tjwatson@ksjattorneys.com
*Attorneys for State Farm Fire and*
*Casualty Company*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GERADO NOYOLA, an individual; OLGA NOYOLA, an individual; JOSE QUIROZ, an individual; SAVASHA FEAZELL-DANIELS, an individual; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive, <br><br> Defendants. | Case No.: 2:18-cv-02012-JAD-NJK <br><br> **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

All parties, Plaintiff, STATE FARM FIRE AND CASUALTY COMPANY, and Defendants, GERARDO NOYOLA, OLGA NOYOLA, AND SAVASHA FEAZELL-DANIELS, hereby stipulate to the following terms regarding a Protective Order of confidentiality and request that the Court enter a corresponding order:

**1.    Confidential Information.**    In providing or revealing discovery materials, any party ("Producing Party") may designate as "CONFIDENTIAL" all or part of any such materials that constitute trade secrets, proprietary data, marketing information, financial information, and/or similar commercially sensitive business information of the type contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.  The designating party must have good faith basis, in law and in fact, to believe that the designated material is in fact confidential or that

unprotected disclosures might result in economic or competitive injury. The designated material must not be publicly known and must not be ascertainable from an inspection of publicly available documents, materials or devices.

The parties may further designate certain discovery materials of a highly confidential and/or proprietary nature as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.      **Designation of Confidential Information.** If a Producing Party determines that any of its documents, things or responses produced in the course of discovery in this action should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and, therefore, constitute "Confidential Information," it shall advise the other party ("Receiving Party") who has received such Confidential Information of this fact, and all copies of such documents, things or responses, or portions thereof, deemed to be confidential shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" at the expense of the Producing Party and treated as confidential by all parties. With respect to a multi-page document that contains Confidential Information, the designation should be made, to the extent possible, on each page of the document. If designation in this manner is impossible or impractical, the Producing Party may use such other method of designation as is reasonable under the circumstances. This paragraph shall apply to previously disclosed or produced discovery materials that the Producing Party subsequently realizes should have been deemed confidential; such materials may be subsequently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," and such designation shall apply to all previously disclosed but unmarked duplicates.

3.      **Challenges to Designation**. If any party objects to the designation of any record or thing as confidential material, that party shall promptly notify all other parties in writing within fourth-five (45) days of receipt of the confidential material. The parties shall have a

period of no longer than twenty (20) days to resolve the dispute by agreement. If the dispute is not resolved by agreement, the designating party shall move to enforce the confidential designation ten (10) days thereafter. The designating party shall bear the burden of establishing that the materials are properly designated as confidential. Pending such determination by the Court (or the expiration of the period in which any party may make a challenge to an adverse ruling, if later), the records and/or things shall be maintained as confidential material.

4.      **Use of Confidential Information.**   Confidential Information designated or marked as provided herein shall be used by the Receiving Party solely for the purposes of this lawsuit and shall not be disclosed to anyone other than those persons identified herein in paragraphs 6 and 7. Confidential Information shall be handled in the manner set forth herein until such designation is removed by the Producing Party or by order of the Court. Confidential Information shall not be used by any other person granted access thereto, besides the Receiving Party, under this Stipulated Confidentiality Agreement and Protective Order ("Stipulation and Order") for any purpose outside of this lawsuit, including, but not limited to, a business or competitive purpose. Nothing herein shall preclude the Producing Party from using its own Confidential Information.

5.      **Use of Confidential Information in Depositions.**  Any party shall have the right to use Confidential Information during depositions, provided that all persons who are present during such portions of depositions are enumerated in paragraphs 6 and 7 below. During a deposition, if the contents of a document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" is inquired into, or if counsel for a party believes that the response to a question may result in the disclosure of Confidential Information, or whenever counsel for a party deems that the response to any question *has* resulted in the disclosure of Confidential Information, the deposition (or portions thereof) may be designated by

**KRAVITZ, SCHNITZER & JOHNSON, CHTD.**
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

the affected party as containing Confidential Information subject to the provisions of this Stipulation and Order. When such designation has been made, the portions of the testimony within the transcript that are deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be disclosed only to those parties described in paragraphs 6 and 7, and the information contained therein shall be used only as specified in this Stipulation and Order.

Counsel for the party whose Confidential Information is involved may also request that all persons not qualified under paragraphs 6 or 7 of this Stipulation and Order to have access to the Confidential Information leave the deposition room during the confidential portion(s) of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question seeking the revelation of Confidential Information.

All originals and copies of the deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" on the cover thereof See Order issued concurrently herewith. portions of such transcript so designated shall be filed under seal. Counsel must designate portions of deposition transcripts as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" within thirty (30) days of receiving the transcripts. Designations may be made by letter to counsel of record or on the record during the deposition. The party requesting confidential designation of portions of a deposition transcript shall identify by page and line the portions of the transcript that they assert shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." Only the portions of the deposition transcript designated by the designating party during this time period shall remain confidential subject to this Order. Portions of deposition transcripts so designated shall be

treated as Confidential Information by the parties as set forth herein; during the thirty (30) day period, the entire transcript shall be treated as confidential.

If any party challenges another party's designation of Confidential Information, the designation and challenge shall be resolved in the manner set forth in paragraph 3 above. If no confidential designations are made within the thirty (30) day period, the entire transcript shall be considered not confidential.

**6.     Disclosure of "Confidential" Information.**  Confidential Information produced pursuant to this Stipulation and Order and designated "CONFIDENTIAL" may be disclosed or made available only to the persons designated below:

a.     the Court            , Court personnel, and other persons present during hearings and the trial in this matter;

b.     counsel of Record to Plaintiff and Defendants, including partners and associates who assist them in this matter, and the paralegals, clerical and secretarial staff employed by such counsel;

c.     the Named Parties to the litigation who have executed an acknowledgement and agreement as set forth in Exhibit 1 to abide by this Order and employees, officers, directors and in-house counsel for the parties who need access to the material designated Confidential to assist counsel in the litigation, as well as secretarial and clerical personnel who work regularly with such person;

d.     court reporters and videographers;

e.     non-party experts or consultants, including their staff, who have executed an acknowledgment and agreement as set forth in Exhibit 1 to abide by this Order, including their secretarial and clerical personnel retained to

**Kravitz, Schnitzer & Johnson, Chtd.**
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

assist counsel of record in this case who have agreed to be bound by this Order;

    f.    any bona fide potential or actual witness (and any counsel of such witness), provided that counsel herein reasonably believe that the witness has relevant knowledge about the creation, distribution or maintenance of the particular Confidential Information to be disclosed, or about the facts contained therein;

    g.    members of the jury in this case;

    h.    employees of independent copy services, printers or illustrators, for the sole purpose of making copies of documents and exhibits to be used in this litigation;

    i.    such other persons as Plaintiff and Defendants may agree upon in writing; and

    j.    such other persons as the Court may order upon application of Plaintiff or Defendants.

Any person to whom Confidential Information is disclosed pursuant to subparts (b) through (f) and (h) through (j) shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed to any other person not permitted to have access to the Confidential Information pursuant to this Stipulation and Order, and that any violation of this Stipulation and Order may result in the imposition of such sanctions as the Court deems proper.

**7.** **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" Information.** Confidential Information produced pursuant to this Stipulation and Order and designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" may be disclosed or

made available only to the persons designated below:

    a.  the Court       , Court personnel, and other persons present during hearings and the trial in this matter;

    b.  counsel of Record to Plaintiff and Defendants, including partners and associates who assist them in this matter, and the paralegals, clerical and secretarial staff employed by such counsel;

    c.  the Named Parties to the litigation who have executed an acknowledgement and agreement as set forth in Exhibit 1 to abide by this Order and employees, officers, directors and in-house counsel for the parties who need access to the material designated Confidential to assist counsel in the litigation, as well as secretarial and clerical personnel who work regularly with such person;

    d.  court reporters and videographers;

    e.  non-party experts or consultants, including their staff, who have executed an acknowledgment and agreement to abide by this Order, including their secretarial and clerical personnel retained to assist counsel of record in this case who have agreed to be bound by this Order;

    f.  any bona fide potential or actual witness (and any counsel of such witness), provided that counsel herein reasonably believe that the witness has relevant knowledge about the creation, distribution or maintenance of the particular Confidential material to be disclosed, or about the facts contained therein;

    g.  members of the jury in this case;

    h.  employees of independent copy services, printers or illustrators, for the sole purpose of making copies of documents and exhibits to be used in this litigation;

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

i. such other persons as Plaintiff and Defendants may agree upon in writing; and

j. such other persons as the Court may order upon application of Plaintiff or Defendants.

Any person to whom Confidential Information is disclosed pursuant to subparts (b) through (e) and (g) through (i) shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed to any other person not permitted to have access to the Confidential Information pursuant to this Stipulation and Order, and that any violation of this Stipulation and Order may result in the imposition of such sanctions as the Court deems proper.

**8.** See order issued concurrently herewith.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

**KRAVITZ, SCHNITZER & JOHNSON, CHTD.**
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**9.** **Application to Non-Parties.** This Stipulation and Order shall inure to the benefit of, and may be invoked and enforced by, non-parties with respect to documents and information produced by them in the course of pretrial discovery in this action and designated by them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" in the manner provided herein. Any non-party invoking this Stipulation and Order shall comply with, and be subject to, all applicable provisions herein.

**10.** **Knowledge of Unauthorized Use or Possession.** The Receiving Party shall immediately notify the Producing Party in writing if the Receiving Party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information that has occurred by way of Confidential Information provided by that Producing Party. The Receiving Party shall promptly furnish the Producing Party full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge use or disclosure, the Receiving Party shall reasonably assist the Producing Party in preventing its recurrence of and

shall cooperate reasonably with the Producing Party in any efforts to prevent the unauthorized use or further dissemination of the Confidential Information.

**11.    Copies, Summaries or Abstracts.**  Any copies, summaries, abstracts or exact duplications of Confidential Information shall be considered Confidential Information subject to the terms and conditions of this Stipulation and Order.   Attorney-client communications and attorney work product regarding Confidential Information shall not be subject to this paragraph, regardless of whether they summarize, abstract, paraphrase or otherwise reflect Confidential Information.

**12.    Information Not Confidential.**  The restrictions set forth in this Stipulation and Order shall not be construed:

(a)    to apply to information obtained by a party from any non-party to this litigation having the right to disclose such information; or

(b)    to apply to information or other materials that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

(c)    to apply to information or other materials that, under the law, have been declared to be in the public domain.

**13.    No Waiver Regarding Confidential Nature of Information.**  This Stipulation and Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulation and Order nor the production of any information or document under the terms of this Stipulation and Order, nor any proceeding pursuant to this Stipulation and Order, shall be deemed (i) to have the effect of an admission or waiver by either party of the confidentiality or non-confidentiality of any materials; (ii) to alter the confidentiality

or the non-confidentiality of any such document or information; (iii) to alter any existing obligation of any party or the absence thereof; or (iv) to affect in any way the authenticity or admissibility of any document, testimony, or other evidence at trial. Entry of this Stipulation and Order does not preclude any party from seeking or opposing additional protection for particular information.

**14.     Inadvertent Failure to Designate.**  The inadvertent failure of a Producing Party to designate discovery materials as Confidential Information shall not be deemed, by itself, to be a waiver of the party's or non-party's rights to so designate such discovery materials. Immediately upon learning of any such inadvertent failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it.  However, disclosure by a Receiving Party of such discovery materials to any other person prior to the designation of discovery materials in accordance with this paragraph shall not violate the terms of this Stipulation and Order.

**15.     No Waiver of Privilege.**  This Order will not prejudice the right of any party or non-party to oppose production of any information on the grounds of attorney-client privilege, work product privilege or any other privilege or protection provided under the law.

**16.     Return or Destruction of Confidential Information.**  Within thirty (30) days after the conclusion of this action, including any appeal thereof, or the conclusion of any other legal proceeding (including arbitration proceedings) between any or all of the parties to this lawsuit, all documents and things, including appropriate portions of deposition transcripts that have been designated as confidential, together with all copies thereof, which have been designated as Confidential Information, shall be returned to the designating party.  In lieu of returning such designated materials as provided above, counsel for the Receiving Party may certify in writing to counsel for the Producing Party that the materials have been destroyed upon

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

request therefor. However, counsel of record for the parties may maintain a copy of the Confidential Information for document retention purposes as well as their own documents that are work product or subject to attorney-client privilege.

**17.     Injunctive Relief Available.** Each party acknowledges that monetary remedies are inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Information and that injunctive relief may be appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Information.

**18.     Other Actions and Proceedings.** If a Receiving Party is: (a) subpoenaed in another action or proceeding; (b) served with a demand in another action or proceeding in which it is a party; or (c) served with any legal process by one not a party to this Stipulation and Order, seeking discovery materials that were produced or designated as Confidential Information pursuant to this Stipulation and Order, the Receiving Party shall give prompt written notice to counsel of record for such Producing Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide the Producing Party with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law. Should the person seeking access to Confidential Information take action against the Receiving Party or anyone else covered by this Stipulation and Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Stipulation and Order. Upon receipt of the notice, the designating party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Information, and/or seek to obtain confidential treatment of such Confidential Information from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any documents, testimony or information pursuant to the Subpoena prior to the date specified for

production on the Subpoena. If the designating party does not act to protect its interests in accordance with applicable procedural rules by objecting within 14 days after receiving notice of the subpoena/request, the other party in receipt of the subpoena, demand or other legal process shall be entitled to disclose the Confidential Information to the requestor.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
Attorneys
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123

1     **19.**     **Order Survives Termination.**    This Stipulation and Order shall survive

2 termination of this action, and the Court shall retain jurisdiction to resolve any dispute

3 concerning the use of information disclosed hereunder.

4     **IT IS SO STIPULATED:**

5

6 DATED this 4th day of April, 2019.     DATED this 4th day of April, 2019.

7 KRAVITZ, SCHNITZER & JOHNSON,   CRAIG P. KENNY & ASSOCIATES
  CHTD.

8

9 */s/ Tyler J. Watson, Esq.*     */s/ Lawrence E. Mittin, Esq.*
  MARTIN J. KRAVITZ, ESQ.         LAWRENCE E. MITTIN, ESQ.

10 Nevada Bar No. 83           Nevada Bar No. 5428
  TYLER J. WATSON, ESQ.        501 S. 8th Street

11 Nevada Bar No. 11735        Las Vegas, Nevada 89101
  8985 S. Eastern Avenue, Suite 200   *Counsel for Defendants, Gerardo Noyola and*

12 Las Vegas, Nevada 89123      *Olga Noyola*
  *Counsel for Plaintiff*

13 DATED this 4th day of April, 2019.

14

15 NAQVI INJURY LAW

16 */s/ Elizabeth E. Coleman, Esq.*
  FARHAN R. NAQVI

17 Nevada Bar No. 8589
  ELIZABETH E. COLEMAN

18 Nevada Bar No. 12350
  9500 W. Flamingo Rd., Suite 104

19 Las Vegas, Nevada 89147
  *Counsel for Defendant, Savasha Feazell-*

20 *Daniels*

21

22     **IT IS SO ORDERED.**

23     Dated this __5__ day of ___April___, 2019.

24

25 _____
      UNITED STATES MAGISTRATE JUDGE

26

27

28